[Civ. No. 11946. Second Appellate District, Division Two.—December 19, 1938.]

SOUTHERN CALIFORNIA EDISON COMPANY, LTD., (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ANNA HAZELBUD, Respondents.

Roy V. Reppy and E. W. Cunningham for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

McCOMB, J.—This is a writ of review to consider an award of the Industrial Accident Commission.

Viewing the evidence most favorable to respondent, the essential facts are:

December 26, 1935, respondent commission made an order awarding to Kennedy & Creger, undertakers, the sum of $150 for funeral expenses of Ivan Blair Hazelbud, who died as the result of an industrial accident. April 25, 1938, respondent entered an order pursuant to section 5803 of the Labor Code, vacating its previous order above mentioned and directing that the sum of $150 as and for funeral expenses of Ivan Blair Hazelbud be paid to his widow, Anna Hazelbud. It is conceded that the funeral expenses had been paid by the executor of decedent's estate and that Anna Hazelbud had never incurred any liability therefor.

This is the sole question to be determined:

*Is respondent commission without authority to order an employer to pay a sum equivalent to the amount of the funeral expenses of a deceased employee to the widow of said employee when she has not incurred liability therefor and when in fact the funeral expenses have been paid from the decedent's estate?*

This question must be answered in the affirmative. Where death results from an industrial accident the employer is liable for the reasonable expenses of the employee's burial, not exceeding $150. (Sec. 4701a, Labor Code.) This is the limit of the employer's liability for the burial expenses of an employee, and this section also fixes the extent of respondent commission's jurisdiction to make an award for burial ex-

penses. It is the clear intent of this provision that the employer be liable for a reasonable burial expense of a deceased employee in an amount not to exceed the sum of $150. It does not provide that a dependent of a deceased employee is to receive $150 as and for burial expenses in any event. Therefore, where, as in the instant case, the burial expenses have been paid from the estate of the decedent, respondent is without jurisdiction to arbitrarily assess a sum against an employer equivalent to the amount of the funeral expenses and direct that such sum be paid to decedent's widow.

We expressly refrain from expressing any opinion as to whether or not the executor of decedent's estate is entitled to reimbursement by petitioner for the funeral expenses which have been paid with funds from such estate.

For the foregoing reasons the award is annulled.

Crail, P. J., and Wood, J., concurred.